**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| | ) | |
| | ) | Case No. 25-10986-BFK |
| CHAE KYONG VRABEL | ) | Chapter 7 |
|    Debtor | ) | |
| | ) | |
| | ) | |

**CREDITOR'S MOTION TO EXTEND  DEADLINES TO
FILE COMPLAINT OBJECTING TO DISCHARGE AND
COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT
(FED. R. BANKR. P. 4004(b) & 4007(c))**

COMES NOW Natalie Lee ("Lee"), Creditor, by counsel, and respectfully moves pursuant to Federal Rules of Bankruptcy Procedure 4004(b) and 4007(c) for entry of an order extending, for ninety (90) days, the deadlines to file (i) a complaint objecting to the Debtor's discharge under 11 U.S.C. § 727 and (ii) a complaint to determine the dischargeability of Lee's debt under 11 U.S.C. § 523. This motion is filed before the applicable deadlines. In support, Lee states as follows:

**Jurisdiction**

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This Motion is a core proceeding within the meaning of 28 U.S.C. § 157.

**Background**

Jeffery T. Martin, Jr., VSB #71860
Martin Law Group, P.C.
8065 Leesburg Pike, Suite 750
McLean, VA 22182
703-834-5550 Office
jeff@martinlawgroup.com
Counsel for Natalie Lee

2.      On May 14, 2025 (the "Petition Date"), the Debtor initiated this case by filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On May 15, 2025, Jason H. Gold was appointed Chapter 7 Trustee. The meeting of creditors was held on July 11, 2025. On June 12, 2025, Jason H. Gold filed a Report of No Distribution (Docket No. 16). On August 18, 2025, the Debtor received a discharge and on August 25, 2025, the case was closed (Docket No. 15).

3.      Lee was not listed on Debtor's schedules and were not given notice of the bankruptcy case.

4.      On January 8, 2026, the Court entered an Order granting the Creditor's Motion to Reopen Case [Dkt No. 29] (the "Order").

5.      The Order set a deadline of ninety (90) days to file a dischargability complaint.

6.      The deadline is set to expire on March 2, 2026.

## Relief Requested

7.      While Lee has received document production from Debtor in relation to the Order Granting Rule 2004 Examination of the Debtor, there are deficiencies in the production, and Lee is still awaiting document production from the third parties subpoenaed in relation to the Order Granting Rule 2004 Examination of Certain third Parties.

8.      Lee needs additional time to complete her Rule 2004 related discovery, to depose Debtor, and due to the information so far received needs additional time to file her dischargability complaint.

9.      Rule 4004(b)(1) provides that, "[o]n motion of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge," provided the motion is filed before the expiration of the deadline. Fed. R. Bankr. P. 4004(b)(1). Rule 4007(c)

similarly provides that, "[o]n motion of a party in interest, after notice and hearing, the court may

for cause extend the time" to file a complaint to determine dischargeability under 11 U.S.C. §

523(c), provided the motion is filed before the expiration of the deadline. Fed. R. Bankr. P.

4007(c).

10.     Bankruptcy Rule 9006(b)(3) limits enlargement of the deadlines in Rules 4004(a)

and 4007(c) to the extent and under the conditions stated in those rules. The Supreme Court has

held that the deadlines in Rules 4004 and 4007 are claim-processing rules, not jurisdictional, and

therefore must be enforced when timely invoked but may be waived if not raised. *Kontrick v.

Ryan*, 540 U.S. 443, 454–56 (2004).

11.     The Fourth Circuit likewise recognizes that Rules 4004 and 4007 are not

jurisdictional and that bankruptcy courts retain discretion—within the limits of the rules—to

grant relief in appropriate circumstances. *Farouki v. Emirates Bank Int'l, Ltd.*, 14 F.3d 244, 248

(4th Cir. 1994).

12.     The purpose of Rules 4004 and 4007 is to promote prompt resolution of discharge

and dischargeability issues while ensuring that creditors have a fair opportunity to investigate

and plead claims. Where a creditor acts diligently but cannot complete its investigation due to

incomplete production or delayed examinations, courts routinely find good cause to extend the

filing deadline.

13.     Lee has acted diligently in attempting to complete all necessary Rule 2004

examinations efficiently and timely, but she is still awaiting production from third parties.

## Conclusion

**WHEREFORE**, For the foregoing reasons Creditor Natalie Lee respectfully requests entry

of an order: (i) extending the deadlines under Rules 4004(a) and 4007(c) by ninety (90) days—from

March 2, 2026 to June 1, 2026—and granting such other and further relief as the Court deems just and proper.

Dated: February 27, 2026                    **Natalie Lee**
                                            **By counsel**


                                            /s/ Jeffery T. Martin, Jr.
                                            Jeffery T. Martin, Jr., Bar No. VA71860
                                            Martin Law Group, P.C.
                                            8065 Leesburg Pike, Suite 750
                                            Vienna, VA 22182
                                            703-834-5550 Office
                                            jeff@martinlawgroupva.com
                                            Counsel for the Natalie Lee


                        **CERTIFICATE OF SERVICE**

I hereby certify that I have this February 27, 2026, caused a copy of the foregoing to be served by CM/ECF on all parties requesting such notice.


                                            /s/ Jeffery T. Martin, Jr.
                                            Jeffery T. Martin, Jr